## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BLUEFIELD DIVISION

| | |
|---|---|
| **LOVELL GRIFFIN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | **Civil Action No. 1:06-0327** |
| ) | |
| **JIM RUBENSTEIN,** ) | |
| **Commissioner,** *et al.*, ) | |
| ) | |
| **Defendants.** ) | |

### PROPOSED FINDINGS AND RECOMMENDATION

On May 5, 2006, Plaintiff, acting *pro se* and in confinement at Huttonsville Correctional Center[1] in Huttonsville, West Virginia, filed his Complaint in this matter claiming entitlement to monetary damages under 42 U.S.C. §1983.[2] (Document No. 2.) Plaintiff names the following as defendants: (1) Jim Rubenstein, Commissioner; (2) Bobby Hamricks, Medical Administrator; (3) Bluefield Regional Medical Center; (4) Steven O'Saile, M.D., Bluefield Regional Medical Center; (5) Joseph Hall, Parole Officer; (6) the Chief Parole Officer of Princeton and Beckley, West Virginia; and (7) William Hanies, Warden at Huttonsville Correctional Center. By Standing Order, this matter was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 6.)

Plaintiff alleges that he went to the Bluefield Regional Medical Center on October 19, 2005,

---

[1] The West Virginia Division of Corrections' Inmate Locator indicates that Plaintiff is located at Charleston Work Release.

[2] Because Plaintiff is acting pro se, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

due to an injury he received to his left leg. (Id., p. 5.) The emergency room doctors determined that Plaintiff had a compound fracture and Dr. O'Saile, a bone specialist, was called in to treat Plaintiff. (Id.) Plaintiff was treated by Dr. O'Saile at Bluefield Regional Medical Center until his release on October 25, 2005. (Id.) Before Plaintiff left Bluefield Regional Medical Center on October 25, 2005, he was approached by City of Bluefield Police Officers, who informed Plaintiff that he was under arrest for a parole violation. (Id.) Plaintiff alleges that Parole Officer Hall "made a false and malicious statement and report on me," which resulted in his arrest. (Id.) Plaintiff was subsequently incarcerated at the Southern Regional Jail [SRJ]. (Id.) On November 6, 2005, SRJ transported Plaintiff back to Dr. O'Saile's office for a follow-up appointment and x-rays were taken of Plaintiff's leg. (Id.) Plaintiff was again transported to Dr. O'Saile's office in December, 2005, for a follow-up appointment and x-rays. (Id.) On January 2, 2006, Dr. O'Saile removed the braces and pins from Plaintiff's leg and faxed physical therapy instructions to SRJ. (Id.) On January 27, 2006, Plaintiff was transported to Huttonsville Correctional Center [HCC]. (Id.) Plaintiff contends that he suffered "pain and emotional distress" during his transportation to HCC. (Id.) On February 8, 2006, Plaintiff was examined by the acting doctor at HCC. (Id.) Plaintiff alleges that the doctor stated that his "leg was in pretty bad shape and that I might lose it and then he recommended that I be seen by a bone specialist immediately." (Id., pp. 5-6.) Plaintiff states that Defendant Hamricks, the Medical Administrator of HCC, acted with deliberate indifference concerning Plaintiff's serious medical condition by refusing to timely schedule Plaintiff an appointment with a specialist. (Id.) Plaintiff alleges that after filing G-1 grievances on March 2 and 21, 2006, Defendant Hamricks referred Plaintiff to a specialist. (Id., p. 6.) In late March, 2006, Plaintiff was examined by Dr. Joseph Snead, an orthopedic surgeon, who informed Plaintiff that the doctor who performed Plaintiff's surgery "could have left the braces on for 10 years and the leg would never have healed because the bone is shattered." (Id.) Dr. Snead allegedly contacted Dr. Proter

and Defendant Hamrick on March 26, 2006, informing them that Plaintiff needed immediate surgery. (Id.) Plaintiff filed an additional G-1 grievance on March 26, 2006. (Id.) Plaintiff filed a G-2 grievance on March 29, 2006, which was later denied. (Id.) Finally, Plaintiff filed a G-3 grievance on April 7, 2006, which was also denied.[3] (Id.) Plaintiff contends that "the bone is coming out of the skin and when I do try to get around the bone grinds down on the meat because the bone is shattered." (Id.) As of the date of Plaintiff's Complaint, he alleges he is suffering extreme pain and is in the immediate need of surgery. (Id.) Plaintiff seeks compensatory and punitive damages. (Id., p. 8.)

By separate Order, the undersigned has granted Plaintiff's Application to Proceed Without Prepayment of Fees (Document No. 11.) and required the Clerk to issue process pursuant to Rule 4 of the Federal Rules of Civil Procedure upon Defendants Rubenstein, Hamricks, and Hanies. The undersigned will address Plaintiff's allegations against Defendants Bluefield Regional Medical Center, Dr. O'Saile, Hall, and the Chief Parole Officer of Princeton and Beckley, West Virginia, in this Proposed Findings and Recommendation.

## THE STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim

---

[3] Based solely upon Plaintiff's allegations, it appears that Plaintiff has exhausted his administrative remedies concerning his claim of inadequate medical care.

lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at . A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him or her to relief. A complaint is malicious when it contains allegations which the plaintiff knows to be false, it is a part of a longstanding pattern of abusive and repetitious lawsuits or it contains disrespectful or abusive language. See In re Tyler, 839 F.2d 1290, 1293 (8th Cir. 1988); Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C.Cir. 1981)(*in forma pauperis* complaint threatening violence or containing disrespectful references to the Court may be dismissed as malicious.); Phillips v. Carey, 638 F.2d 207 (10th Cir. 1981), cert denied, 450 U.S. 985, 101 S.Ct. 1524, 87 L.Ed.2d 821 (1981). Thus, a complaint is malicious under Section 1915(d) if it is repetitive or evidences an intent to vex the defendant(s) or abuse the judicial process by relitigating claims decided in prior cases. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

## ANALYSIS

**A.     Medical Negligence.**

Plaintiff alleges that Defendants Bluefield Regional Medical Center and Dr. O'Saile were negligence and committed malpractice in providing medical treatment concerning his leg.[4] Under West Virginia law, a plaintiff must satisfy certain prerequisites prior to filing suit against a health care

---

[4] To establish a medical negligence claim in West Virginia, the Plaintiff must prove the following: "(1) The health care provider failed to exercise that degree of care, skill and learning required or expected of a reasonable, prudent health care provider in the profession or class to which the health care provider belongs acting in the same or similar circumstances; and (2) Such failure was a proximate case of the injury of death." *W. Va. Code* § 55-7B-3(a).

provider. Specifically, a plaintiff must serve each defendant health care provider with a notice of claim with an attached screening certificate of merit executed under oath by a health care provider qualified as an expert under the West Virginia Rules of Evidence at least thirty (30) days prior to filing suit. W. Va. Code § 55-7B-6.[5] This Court has previously recognized that compliance with West Virginia Code § 55-7B-6 is mandatory prior to filing suit in federal court. Stanley v. United States, 321 F.Supp.2d 805, 806-07 (N.D. W. Va. 2004); also see Starns v. United States, 923 F.2d 34 (4th Cir. 1991)(holding that Virginia's medical malpractice liability cap applies to claims brought against the United States under the FTCA). Based on the forgoing, the undersigned finds that there is nothing in Plaintiff's Complaint or exhibits indicating that Plaintiff has complied with the

---

[5] West Virginia Code § 55-7B-6 provides the following in pertinent part:

(a) Notwithstanding any other provision of this code, no person may file a medical professional liability action against any health care provider without complying the provisions of this section.

(b) At least thirty days prior to the filing of a medical professional liability action against a health care provider, the claimant shall serve by certified mail, return receipt requested, a notice of claim on each health care provider the claimant will join in litigation. The notice of claim shall include a statement of the theory or theories of liability upon which a cause of action may be based, and a list of all health care providers and health care facilities to whom notices of claim are being sent, together with a screening certificate of merit. The screening certificate of merit shall be executed under oath by a health care provider qualified as an expert under the West Virginia rules of evidence and shall state with particularity: (1) The expert's familiarity with the applicable standard of care in issue; (2) the expert's qualifications; (3) the expert's opinion as to how the applicable standard of care was breached; and (4) the expert's opinion as to how the breach of the applicable standard of care resulted in injury or death. A separate screening certificate of merit must be provided for each health care provider against whom a claim is asserted. The person signing the screening certificate of merit shall have no financial interest in the underlying claim, but may participate as an expert witness in any judicial proceeding. Nothing in this subsection may be construed to limit the application of Rule 15 of the Rules of Civil Procedure.

requirements of West Virginia Code § 55-7B-6. Therefore, even if this Court has supplemental jurisdiction over Plaintiff's State law claim for medical negligence, Plaintiff's claim must be dismissed based upon his failure to comply with the prerequisites set forth in West Virginia Code § 55-7B-6.

**B.      Section 1983.**

"[F]ederal courts must take cognizance of the valid constitutional claims of prison inmates." Turner v. Safley, 482 U.S. 78, 84, 107 S.Ct. 2254, 2259, 96 L.Ed.2d 64 (1987). 42 U.S.C. § 1983 provides a remedy for violations of all "rights, privileges, or immunities secured by the Constitution and laws [of the United States]." Thus, Section 1983 provides a "broad remedy for violations of federally protected civil rights." Monell v. Dep't of Social Services, 436 U.S. 658, 685, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived him of an alleged right, privilege or immunity protected by the Constitution or laws of the United States.

      **1.      Defendants Bluefield Regional Medical Center and Dr. O'Saile:**

To the extent Plaintiff is attempting to allege a Section 1983 claim against Defendants Bluefield Regional Medical Center[6] and Dr. O'Saile, the undersigned finds that Plaintiff fails to state a claim for which relief can be granted. Plaintiff alleges that the foregoing Defendants were negligence and committed malpractice in providing medical treatment. In support of the his claim, Plaintiff alleges that Dr. Snead "told [me] that my doctor that did the surgery on my leg could have left the braces on for 10 years and the leg would never have healed." (Document No. 2, p. 6.) Thus, Plaintiff contends

---

[6] The undersigned notes that the Bluefield Regional Medical Center is not a "person" as required by Section 1983.

that Dr. O'Saile was negligent in performing the surgery on his leg. The undersigned finds that claims of negligence are not cognizable under Section 1983. Daniels v. Williams, 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986)("We conclude that the Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to, life, liberty, or property." (Emphasis in decision.)); Pink v. Lester, 52 F.3d 73, 75 (4th Cir. 1995)("[N]egligent deprivations of life, liberty, or property are not actionable under 42 U.S.C. § 1983 . . .."). Therefore, Plaintiff's claims against the foregoing Defendants are based upon allegations of medical negligence, which cannot be construed to implicate a constitutional right for the violation of which relief can be granted under Section 1983 and must be dismissed.

### 2.     **Defendants Hall and the Chief Parole Officer for Princeton and Beckley:**

Plaintiff alleges that Defendant Hall and the Chief Parole Officer for Princeton and Beckley "made a false and malicious statement and report on me," which resulted in his arrest and imprisonment for a parole violation. In Heck, the United States Supreme Court held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. §2254. A claim for damages bearing the relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983.

Heck v. Humphrey, 512 U.S. 477, 486 - 87, 114 S.Ct. 2364, 2372, 129 L.Ed.2d 383 (1994); See also Ballenger v. Owens, 352 F.3d 842 (4th Cir. 2003)(holding that an arrestee's Section 1983 claim was not cognizable against state trooper, alleging unreasonable search and seizure, under *Heck,* since judgment in arrestee's favor would have implied the invalidity of conviction). The *Heck* rule also applies to probation and parole violation proceedings. McGrew v. Texas Bd. Of Pardons & Paroles,

47 F.3d 158, 161 (5th Cir. 1995)(finding that an action challenging validity of probation revocation proceedings calls into question the fact of confinement and thus is subject to *Heck*); see also Husketh v. Sills, 34 Fed.Appx. 104 (4th Cir. 2002)(stating that plaintiff's claim was "barred because his challenge of his parole eligibility implies the invalidity of his continued confinement"). In the instant case, Plaintiff alleges that he was improperly arrested and confined based upon false information that he violated the terms and conditions of his parole. Thus, Plaintiff is clearly implying the invalidity of his confinement. The undersigned, therefore, finds that because Plaintiff has not demonstrated that his criminal conviction has been invalidated, Plaintiff's Section 1983 claim is not cognizable pursuant to Heck. Accordingly, the undersigned respectfully recommends that Plaintiff's Complaint be dismissed as to Defendants Hall and the Chief Parole Officer for Princeton and Beckley, West Virginia.

**PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's Complaint (Document No. 2.) as to Bluefield Regional Medical Center, Dr. Steven O'Saile, Joseph Hall, and the Chief Parole Officer of Beckley and Princeton, West Virginia, and **REFER** this matter back to the undersigned for further proceedings regarding Plaintiff's Eighth Amendment claim against Jim Rubenstein, Bobby Hamricks, and William Hanies.

The parties are hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge David A. Faber. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have thirteen days from the date of filing of

this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Faber and this Magistrate Judge.

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Plaintiff, who is acting *pro se*.

Date: March 26, 2009.

R. Clarke VanDervort
United States Magistrate Judge